Common Pleas Court of Hamilton County.

WILLIAM CORBEN, ET AL V. GEORGE L. ARMSTRONG.

Decided July 1, 1931.

*Paxton & Seasongood* and *Lester A. Jaffe,* for plaintiffs.
*Galvin & Tracy* and *J. Paul Geoghegan,* for defendants.

RYAN, J.

Plaintiffs' petition states a cause of action on an account for money advanced for the payment of taxes and ground rent on George L. Armstrong's interest in several parcels of real estate, one of which is the 20-acre tract on Grandin road known as the Corben property, an itemized account of which expenditures is attached to the petition.

The defendant, George L. Armstrong, by Clifford E. Martin, his guardian, files an answer and cross-petition wherein the answer recites in the usual form the appointment of the guardian by the Probate Court, and a general denial accompanied by a prayer that the rights of the ward be protected, and for such other relief as is proper.

By way of cross-petition the defendant claims to have a legal right to and is seized of an undivided one-third interest in the 20-acre tract on Grandin road, and alleges that the plaintiffs William Corben and Jennie Corben are each seized of an undivided one-third interest in said premises. Defendant further claims that since the 16th day of September, 1912, plaintiffs have continuously used and occupied, and have been in possession of said property, and that this defendant's ward, by reason of his mental and physical condition, has been compelled to live

in a sanitarium where he can be given such care and attention as might befit his mental and physical condition; that the property so used and occupied by these plaintiffs is reasonably worth a rental value of $150.00 per month; that these plaintiffs fail and refuse, and have failed and refused though requested to do so, to make an accounting to this defendant for their use and occupancy. Wherefore, defendant prays for an accounting, that the Court order a reference of said accounting to a master for the purpose of settling same and ascertain the exact condition of said account between said parties, and that a judgment may be had against the plaintiffs for the amount so ascertained, and for all further just and equitable relief.

Answering defendant's cross-petition, plaintiffs admit the appointment of the Guardian, and further answering say:

"By way of further answer to defendants' cross-petition, plaintiffs say that prior to the appointment of the defendant, Clifford E. Martin, as guardian as aforesaid, the defendant, George L. Armstrong, together with his mother and father, resided in the Corben homestead, consisting of about twenty (20) acres, situated on Grandin road, together with the plaintiffs herein, his uncle and aunt, respectively; that said defendant, George L. Armstrong, has not occupied the same since the death of his father in August, 1912, although plaintiffs were at all times and are now anxious and willing to have said defendant, George L. Armstrong, remain with them on the premises; that some of the belongings of said defendant, George L. Armstrong, have all along and are now on said premises and living quarters have at all times been available for his occupancy.

"Plaintiffs deny that defendants, or either of them, have ever demanded any rent or rental value of said Grandin road property from plaintiffs until the filing of the answer and cross-petition herein, and plaintiffs further say that they have received no rents or profits from said Grandin Road property which is used by plaintiffs solely as a private residence and that they have spent considerable moneys in the upkeep of the premises and repair and maintenance of the house thereon * * *."

It further appears from the evidence that the defendant, George L. Armstrong, has not occupied any portion of

the Grandin Road premises since August 1912, but that he has never been excluded therefrom by the plaintiffs, on the contrary that they at all times desired to have Armstrong remain on the premises and make his home there.

It further appears from the evidence that the occupancy by the plaintiffs only extends to a portion of the residence on said premises and that said residence is ample for the accommodation of all of said co-tenants, and further that said premises are unproductive and that no rents or profits have been received by the plaintiffs from said premises. There being no dispute as to the advancements for the payment of ground rent and taxes, as shown by the account attached to the petition, the sole question for determination is whether under the laws of this State, an out-tenant has a right of recovery from tenants in possession for the latters' use and occupancy of the premises under the circumstances shown to exist in this case. The determination of this question is dependent upon the interpretation of Section 12046, General Code, the history of which may be traced to the year 1704, to the *statute of Westminster, 4th, Anne,* which was designed to change the rule of the common law which provided no remedy for one co-tenant for a wrong committed by another. The provisions of Section 12046, General Code, are as follows:—

"Section 12046. Actions by one co-parcener against another, etc. One tenant in common, or co-parcener, may recover from another his share of the rents and profits received by such tenant in common, or coparcener, from the estate, according to the justice and equity of the case * * *".

The above statute and other similar statutes enacted in the various states, are designed to prevent one co-tenant from appropriating the rents and profits received to his own use to the exclusion of the other co-tenants.

While the briefs filed herein are very exhaustive and illuminating, no parallel to the case at bar is found in the authorities cited, and they may be readily distinguished from the instant case.

Considering the provisions of the statute, and the facts

as shown by the stipulations and the evidence, this Court is of the opinion that the defendant has no cause of action on his cross-petition; that his failure or incapacity to avail himself of the use and occupancy of the premises from which he has not been excluded, does not give rise to a cause of action against his co-tenants who have availed themselves of the rights and privileges to which they are entitled.

Wherefore, the cross-petition of the defendant herein will be dismissed.

Upon consideration of the petition and the stipulations admitting the accuracy of the account of expenditures made for ground rent and taxes, the Court finds in favor of the plaintiffs for the full amount prayed for in the petition.